UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DALE LEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-cv-01559 JCH |
| ) | |
| JERRY ACKERMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This Matter is before the Court on Defendants' Motion to Dismiss, filed October 31, 2006. (Doc. No. 5). The matter is fully briefed and ready for disposition.

## BACKGROUND

From 2001 until March 25, 2005, Plaintiff worked at Defendants' automobile dealership as a service advisor, assistant manager, and service manager. (Response, Doc. No. 12 ¶ 1-4). During that time, Plaintiff was a member of the International Association of Machinists and Aerospace Workers, District Number 9 ("Union"). (Id. at ¶ 8; Memo. in Supp. of Mot. to Dismiss, Doc. No. 6 Ex. 1). A collective bargaining agreement exists between Defendants and the Union.[1] (Id. at Ex. A). Plaintiff became the service manager on February 1, 2005 and shortly thereafter Defendants asked him to resign from the Union. (Response, Doc. No. 12 ¶ 7). On March 24, 2005, Plaintiff was laid

---

[1] Notably, the collective bargaining agreement contains a provision stating that Defendants can only terminate an employee for just cause (Doc. No. 6, Ex. A at § 5.9). It also contains provisions regarding seniority (Art. V); vacation (Art. VII); protection from lockouts (Art. VIII); protection from wage reductions (Art. XIII); and protection from retaliation for engaging in Union activities (Art. XXII). (Id.).

1

off because he was "low man on the totem pole." (Id. at ¶ 9). Plaintiff alleges that another service advisor with less seniority was given the job after resigning his Union membership (Id.).

On September 13, 2006, Plaintiff filed an action in the Circuit Court for the City of St. Louis, Missouri for wrongful termination based on a violation of Missouri public policy. (Notice of Removal, Doc. No. 1). On October 24, 2006, Defendants removed to this Court, asserting that removal is proper because federal law preempted Plaintiff's state law claim. (Id.). On October 31, 2006, Defendants filed this motion to dismiss, arguing that federal law preempts Plaintiff's claim and even if state law applies, Plaintiff fails to state a claim for wrongful termination. (Doc. No. 5). Plaintiff then filed an Amended Complaint on December 13, 2006. (Doc. No. 11).[2]

## **MOTION TO DISMISS STANDARDS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

---

[2]The Amended Complaint makes only a minor change to the Complaint. (Doc. No. 11 pg. 3-4). Although the Motion to Dismiss was directed at the Complaint, both parties continued to brief the Motion to Dismiss after the Amended Complaint was filed. In fact, Plaintiff filed his Response shortly after amending his Complaint. As such, the Court holds that the Motion to Dismiss applies to the Amended Complaint.

2

## DISCUSSION

### I. Jurisdiction

The Court has the duty to determine its jurisdiction, and may raise the issue of subject matter jurisdiction *sua sponte* if necessary. Yeldell v. Tutt, 913 F.3d 533, 537 (8th Cir. 1990). On its face, neither federal question nor diversity jurisdiction is present in the Complaint. A case is removable, however, if federal law completely preempts a state law claim. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003). Neither party disputes the well settled principle that if the "resolution of a state law claim depends on the meaning of a collective bargaining agreement, the application of state law ... is pre-empted and federal labor-law principles ... must be employed to resolve the dispute." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 405-06 (1988) (citing Teamsters v. Lucas Flour. Co., 369 U.S. 95 (1962)). As will be explained below, the Court finds that interpretation of the collective bargaining agreement is necessary, and as such, federal law preempts the state law cause of action. Thus, removal was proper.

### II. Preemption

Defendants argue that the Court must dismiss Plaintiff's claim because it is preempted by federal labor laws and he cannot bring a wrongful discharge claim because he was a contract employee. The Court agrees with Defendants' argument.

As stated above, federal labor law preempts state law if a state law cause of action requires interpretation of a collective bargaining agreement. See id.; Gore v. Trans World Airlines, 210 F.3d 944, 949 (8th Cir. 2000). Purely factual questions about the employee's or employer's conduct and motive do not require interpretation of a collective bargaining agreement. Lingle, 486 U.S. at 407. Furthermore, mere reference to a collective bargaining agreement does not warrant preemption. Id.

3

Rather, the state tort claim must be "inextricably intertwined with the consideration of the terms of the labor contract." Gore, 210 F.3d at 949 (citing Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213 (1985)).

In Missouri, employees without employment contracts are considered at-will employees and can be terminated with or without cause. Porter v. Reardon Mach. Co., 962 S.W.2d 932, 937 (Mo Ct. App. 1998) (citing Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1988)). Missouri courts, however, have recognized a public policy exception to the at will employment doctrine. Luethans v. Washington Univ., 838 S.W.2d 117, 119 (Mo. Ct. App. 1992). This public policy exception, like the doctrine itself, is confined to at-will employees. Egans v. Wells Fargo Alarm Servs., 23 F.3d 1444, 1446 (8th Cir. 1994) (citing Komm v. McFliker, 662 F. Supp. 924, 924-25 (W.D. Mo. 1987)). Accordingly, contract employees, those employed for a "definite term" and who cannot be discharged without just cause, have no state law cause of action for wrongful discharge. Egans, 23 F.3d at 1446.

The Court can determine whether Plaintiff was an at-will or contract employee only by interpretation of the collective bargaining agreement between Defendants and the Union. Specifically, the Court must determine whether the collective bargaining agreement prohibited Defendants from firing Plaintiff without just cause. As such, Plaintiff's claim is inextricably intertwined with the collective bargaining agreement and federal labor law preempts Missouri labor law. Because preemption exists, no justiciable controversy can exist under Missouri law. Therefore, Plaintiff is unable to state a claim under Missouri law, and the Court must grant Defendants' Motion to Dismiss.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion for Dismiss (Doc. No. 5) is **GRANTED**, and Plaintiff's claims are dismissed with prejudice. An appropriate Judgment will accompany this Memorandum and Order.

Dated this 16th day of January, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE